Rebekah S. Guyon (SBN 291037)
*Rebekah.Guyon@gtlaw.com*
Lori Chang (SBN 228142)
*ChangL@gtlaw.com*
David H. Marenberg (SBN 329954)
*MarenbergD@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN TASH on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES, LLC, VSP VENTURES MANAGEMENT SERVICES, LLC, and VSP VENTURES OPTOMETRIC SOLUTIONS, LLC,<br><br>          Defendants. | CASE 2:25-CV-00762-DJC-JDP<br><br>**AMENDED STIPULATED REQUEST FOR ORDER CONSOLIDATING RELATED CASES, TO SET DEADLINES FOR CONSOLIDATED PLEADINGS, AND CONTINUE OR RESET CASE MANAGEMENT DATES AND RELATED DEADLINES; ORDER**<br><br>Assigned to:   Judge Daniel J. Calabretta |
| PETER HAHN on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES, LLC, VSP VENTURES MANAGEMENT SERVICES, LLC, and VSP VENTURES OPTOMETRIC SOLUTIONS, LLC,<br><br>          Defendants. | CASE 2:25-CV-01580-DJC-JDP |

Pursuant to Fed. R. Civ. P. 6(b)(1), 42(a), Local Rule 144(a), and section IV of the Court's Standing Order (ECF No. 3-1), plaintiffs Brian Tash ("Tash"), Peter Hahn ("Hahn"), and Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel, stipulate and request that the Court (1) enter an order consolidating the above-captioned action, *Brian Tash v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-CV-00762-DJC-JDP (E.D. Cal. filed Mar. 6, 2025) ("*Tash*"), with the related action *Peter Hahn v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-cv-01580-DJC-JDP (E.D. Cal. filed June 5, 2025) ("*Hahn*") reassigned to this Court; (2) enter an order setting deadlines for the filing of a consolidated Complaint by plaintiffs and subsequent response by Defendants; and (3) continue or reset case management dates and related deadlines. In support of this stipulated request, the Parties state as follows:

Tash filed the Complaint on March 6, 2025. ECF No. 1.

Tash served Defendants with a copy of the Complaint on March 24, 2025.

On April 7, 2025, the Court granted an extension of Defendants' deadline to respond to the Complaint to June 11, 2025.

On June 5, 2025, plaintiff Hahn filed the operative complaint in *Hahn*. *Hahn*, ECF No. 1.

Upon learning of the *Hahn* action on June 6, 2025, the Parties' counsel promptly conferred on June 6, 2025 and June 9, 2025.

Defendants filed a notice of related cases in both *Tash* and *Hahn* on June 9, 2025. *Tash*, ECF No. 15; *Hahn*, ECF No. 4.

On June 10, the Court granted a second extension of Defendants' deadline to respond to the Complaint in *Tash* to July 11, 2025. *Tash*, ECF No. 17.

On June 23, 2025, plaintiff Hahn filed waivers of service signed by Defendants in *Hahn*. *Hahn*, ECF Nos. 5-8. Defendants' deadline to respond to the operative complaint in *Hahn* is August 18, 2025.

On June 27, 2025, this Court determined that both *Tash* and *Hahn* are related cases, and *Hahn* was reassigned to this Court. *Tash*, ECF No. 18; *Hahn*, ECF No. 13.

On June 27, 2025, counsel for the Parties met and conferred to discuss seeking consolidation of *Tash* and *Hahn*. The Parties agreed that given the significant overlap in allegations and parties between

*Tash* and *Hahn*, it would serve the interests of judicial efficiency to seek an order consolidating the two actions and setting a briefing schedule for plaintiffs to file a consolidated complaint and for Defendants to respond to the consolidated complaint.

Counsel for Defendants have been retained to represent Defendants in *Hahn* and anticipate filing appearances shortly in that action.

When multiple actions pending before a court involve common questions of law or fact, the court has "broad discretion" to consolidate the actions and issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *Scott v. Cnty. of Kern*, 2025 U.S. Dist. LEXIS 106329, at *3 (E.D. Cal. June 4, 2025) (citing *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016)). "Typically, consolidation is a favored procedure." *Blount v. Boston Sci. Corp.*, 2019 WL 3943872, at *2 (E.D. Cal. Aug. 21, 2019). In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Scott*, 2025 U.S. Dist. LEXIS 106329, at *3.

This stipulation is without waiver of Defendants' rights to challenge class certification on any basis, including, without limitation, commonality, predominance, and superiority. Nevertheless, the Parties agree and stipulate that the similarities in parties and allegations in both cases warrant consolidation under Fed. R. Civ. P. 42(a) here. The Court has determined that the cases are "related within the meaning of Local Rule 123(a)" because "[b]oth actions involve the common parties, are based on the same or a similar claim, and raise similar questions of fact and law." *Tash*, ECF No. 18. Both actions involve the same Defendants, and the named plaintiffs in both actions assert claims on behalf of overlapping putative classes. *Compare Tash,* ECF No. 1 at 1 & ¶ 157 *with Hahn*, ECF No. at 1 & ¶ 73. Both actions assert claims for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*, the California Invasion of Privacy Act, Cal. Pen. Code §§ 631(a) and 638.51(a), the Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq. Compare Tash,* Dkt. 1 ¶¶ 166-215, 228-57 *with Hahn*, Dkt. 1 ¶¶ 82-144. The named plaintiffs in both actions allege that Defendants used the "Meta Pixel" and other "Tracking Technologies" on the same alleged "Web Properties" to allegedly intercept and/or transmit the named plaintiffs' internet communications and alleged "Private Information" to third parties without authorization. *Compare Tash,* ECF No. 1 ¶¶ 1-13 *with Hahn*,

ECF No. 1 ¶¶ 1-11.

The Parties agree that consolidation of *Tash* and *Hahn* would reduce the burden on judicial resources and all parties involved, eliminate the risk of inconsistent judgments, and avoid duplicative evidence and procedures. The Parties also believe that consolidation would not cause undue delay, inconvenience, or expense. Defendants have not yet filed a responsive pleading in *Tash* or *Hahn*; both *Tash* and *Hahn* are therefore at substantially the same stages of litigation.

Federal Rule of Civil Procedure 6(b)(1) also allows the Court to extend deadlines for good cause shown. The Parties agree that good cause exists here. The proposed modified briefing schedule will both promote efficiency and conserve the Court's and the Parties' resources. Continuing or resetting case management dates set forth in the Court's initial case management order until after Defendants have responded to the consolidated complaint will further promote efficiency and conserve judicial and party resources, as the issues to be discussed in the parties' Rule 26(f) discovery plan—including the proposed case schedule, contested issues, and discovery procedures—may be affected by Defendants' response to the consolidated complaint. The proposed stipulations are not sought to unduly delay the proceedings and will not prejudice any Party.

For these reasons, the parties jointly stipulate and request that the Court order the consolidation of *Tash* and *Hahn* and enter the following case schedule:

| | |
|---|---|
| Deadline for plaintiffs Tash and Hahn to file and serve a consolidated complaint | August 28, 2025 |
| Deadline for Defendants to respond to the consolidated complaint | October 6, 2025 (45 days after deadline to file and serve consolidated complaint) |
| Deadline for the Parties to submit a joint status report pursuant to Fed. R. Civ. P. 26(f) and paragraph 4 of the Civil Initial Case Management Order (ECF No. 14) | November 20, 2025 (45 days after deadline for Defendants to respond to the consolidated complaint) |

//

The Parties respectfully request that this Stipulation be granted by signing the accompanying proposed order.

Dated: July 14, 2025

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC

By: /s/ Heather Lopez (as authorized on July 8, 2025)
John J. Nelson
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: 858-209-6941
jnelson@milberg.com

Heather Lopez
148 Dolphin Ct.
American Canyon, CA 94589
Telephone: 707-334-3727
hlopez@milberg.com

Attorneys for Plaintiff Brian Tash

Dated: July 14, 2025

GUSTAFSON GLUEK PLLC

By: /s/ Dennis Stewart (as authorized on July 11, 2025)
Dennis Stewart
GUSTAFSON GLUEK PLLC
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-595-3299

Daniel C. Hedlund (*pro hac vice*)
Daniel J. Nordin (*pro hac vice*)
Mary M. Nikolai (*pro hac vice forthcoming*)
Bailey Twyman-Metzger (*pro hac vice*)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
mnikolai@gustafsongluek.com
btwymanmetzger@gustafsongluek.com

WEXLER BOLEY & ELGERSMA LLP

4
AMENDED STIPULATED REQUEST TO CONSOLIDATE AND SET RELATED DEADLINES AND ORDER
712640886

```
                              Kenneth A. Wexler (pro hac vice forthcoming)
                              Justin N. Boley (pro hac vice forthcoming)
                              Zoran Tasić (pro hac vice forthcoming)
                              Gwyneth F. Lietz (pro hac vice forthcoming)
                              311 S. Wacker Drive, Suite 5450
                              Chicago, IL 60606
                              Telephone: 312-346-2222
                              Facsimile: 312-346-0022
                              kaw@wbe-llp.com
                              jnb@wbe-llp.com
                              zt@wbe-llp.com
                              gfl@wbe-llp.com

                              Brett Cebulash (pro hac vice forthcoming)
                              Kevin Landau (pro hac vice forthcoming)
                              Joshua Hall (pro hac vice forthcoming)
                              TAUS, CEBULASH & LANDAU, LLP
                              123 William St., Suite 1900A
                              New York, NY 10038
                              Telephone: 212-931-0704
                              Facsimile: 212-931-0703
                              bcebulash@tcllaw.com
                              klandau@tcllaw.com
                              jhall@tcllaw.com

                              Attorneys for Plaintiff Peter Hahn
```

Dated: July 14, 2025                GREENBERG TRAURIG, LLP

                              By: /s/ Rebekah S. Guyon
                              Rebekah S. Guyon
                              Lori Chang
                              David H. Marenberg
                              1840 Century Park East, 19th Floor
                              Los Angeles, CA 90067
                              Tel: 310-586-7700; Fax: 310-586-7800
                              Email: Rebekah.Guyon@gtlaw.com
                                     ChangL@gtlaw.com
                                     MarenbergD@gtlaw.com

                              Attorneys for Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC

# ORDER

The Court, having considered the stipulation between Plaintiffs Brian Tash and Peter Hahn and Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC ("VSP"), and for good cause shown, HEREBY ORDERS that:

1. *Brian Tash v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-CV-00762-DJC-JDP, and *Peter Hahn v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-cv-01580-DJC-JDP are consolidated for all purposes.

2. The case identified as *Brian Tash v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:23-CV-00762-DJC-JDP, will be designated as the "master file".

3. The Clerk of Court shall add the Complaint filed in the case identified as *Peter Hahn v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-cv-01580-DJC-JDP to the master file and shall thereafter administratively close Case No. 2:25-cv-01580-DJC-JDP.

4. All future pleadings, motions, and other filings shall be filed in the case identified as *Brian Tash v. Vision Service Plan a/k/a VSP Global et al.*, Case No. 2:25-CV-00762-DJC-JDP only.

5. Plaintiffs shall file and serve a consolidated complaint on or before August 28, 2025.

6. VSP shall answer or otherwise respond to the consolidated complaint on or before October 6, 2025.

7. The Parties shall submit a joint status report pursuant to Fed. R. Civ. P. 26(f) and paragraph 4 of the Civil Initial Case Management Order in the lead case on or before November 20, 2025.

**IT IS SO ORDERED.**

Dated: July 14, 2025

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE