Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299
*dstewart@gustafsongluek.com*

Heather M. Lopez (SBN 354022)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
148 Dolphin Court
American Canyon, CA 94589
Telephone: (707) 334-3727
*hlopez@milberg.com*

*Attorneys for Plaintiffs and Proposed Class*
*(Additional Counsel on Signature Page)*

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN TASH and PETER HAHN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES, LLC, VSP VENTURES MANAGEMENT SERVICES, LLC, and VSP VENTURES OPTOMETRIC SOLUTIONS, LLC,<br><br>Defendants. | Case No. 2:25-CV-00762-DJC-JDP<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Assigned to: Hon. Daniel J. Calabretta |

## I. INTRODUCTION

Plaintiffs Brian Tash and Peter Hahn ("Plaintiffs") respectfully submit this Opposition to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Defs.' Request"), filed by Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC (collectively, "Defendants").

## II. LEGAL STANDARD

Motions to dismiss are based on the pleadings and the pleadings alone. Generally, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir.1998). When "matters outside the pleadings [not appropriate for judicial notice] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 n.1 (9th Cir. 2010) (quoting Fed. R. Civ. P. 12(d)).

There are two limited exceptions: (1) the incorporation-by-reference doctrine and (2) judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Both exceptions have "roles to play at the pleading stage," but their overuse can "lead to unintended and harmful results," particularly when defendants try to "present their own version of the facts" to defeat a complaint prematurely. *Id*. at 998–99.

Under the incorporation-by-reference exception, a document may be considered only if (1) the complaint "extensively" references it or the claims necessarily rely on it; (2) its authenticity is undisputed; and (3) its relevance is not contested. *See id*. at 1002–04, 1014; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The mere mention of the existence of a document is insufficient." *Khoja*, 899 F.3d at 1002. Even where incorporation applies, courts may not accept the document's contents for their truth to

resolve factual disputes against the plaintiff. *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022).

Under Rule 201, a court may notice an adjudicative fact only if it is "not subject to reasonable dispute" because it is generally known within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may not take judicial notice of disputed facts contained in public records. *Khoja*, 899 F.3d at 999–1000; *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1320–21 (C.D. Cal. 2023) ("A court may not take judicial notice of the truth of disputed factual matters at the pleading stage.") Because judicially noticed facts are treated as conclusive for the jury, district courts are cautioned to use Rule 201 sparingly and only when the matter is beyond controversy. *Metro Creditors' Tr. v. PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (citing *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005)).

## III. <u>ARGUMENT</u>

Defendants request judicial notice of 28 Exhibits, including WayBack Machine screenshots of Defendants' websites at various times (Exs. 1–19); legislative history materials related to CIPA § 638.50, *et seq*. (Exs. 21–26)[1]; and copies of pleadings that Plaintiffs' counsel has filed in other actions (Exs. 28–30).

As to Exhibits 1 through 19 and 28 through 30, the Court should deny Defendants' request because the materials are (1) subject to reasonable dispute; (2) not central to Plaintiffs' claims or extensively referenced in in Plaintiffs' Consolidated Class Action Complaint [hereinafter Complaint]; or (3) are improperly proffered for the truth of the matters asserted in the materials.

### 1. Defendants' request for judicial notice of Exhibits 1 through 19 should be denied as the subject of disputed factual matters, which are not incorporated by reference, and which are indecipherably vague in content.

[1] Plaintiffs do not oppose Defendants' request that the Court take judicial notice of Exhibits 21 through 26.

Defendants request judicial notice of their Exhibits 1 through 19, which are screenshots of various websites' contents archived on the WayBack Machine. Defendants' request should be denied.

These Exhibits are not properly considered under the incorporation-by-reference exception. Plaintiffs' Complaint cites certain pages from Defendants' website to illustrate that the tracking tools were present on the page. *See* Dkt. No. 33, Consolidated Class Action Compl. ¶¶ 68, 70, 75, 78, 80–82, 87, 90 [hereinafter Compl.]. But "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Plaintiffs do not "refer[ ] extensively" to any of the website screenshots that Defendants ask the Court to take judicial notice of because Defendants *omit the very tracking technology at issue* from their Exhibits 1 through 19. *Loomis v. Slendertone Distribution, Inc.,* 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference is designed to prevent "selecting only portions of documents that support" a party's arguments).

In addition, Defendants cite these exhibits to dispute Plaintiffs' allegations. Defendants attempt to use these exhibits to rebut allegations regarding how the VSP websites functioned and when Plaintiffs interacted with them. *See* Dkt. No. 34, Defs.' Mot. to Dismiss and Mem. in Supp. at 5 (describing how exhibits demonstrate that "if a user elected to search by services, products, or type of doctor, the user could only make selections from preset lists for items such as 'Vision Therapy,' 'Preventative Eye Care,' 'Special Offers & Sales,' 'Telemedicine,' 'Doctor Profiles,' and 'CareCredit Credit Card'" (citing Exs. 8–14)) [hereinafter Defs.' Br.]. Countervailing narratives regarding actions taken by the Plaintiffs, how they interacted with the VSP website, and how the website functions are disputed factual questions unfit to be resolved at the motion to dismiss stage.

Defendants also request judicial notice of Exhibits 1 through 19 to "determine the contents visible to and freely accessible by the general public." *See* Defs.' Request at 3. But this sidesteps entirely Plaintiffs' allegations that the tracking technologies were embedded on Defendants' websites in a furtive manner and were being used to collect and transmit users' private information

without their knowledge or consent. *See* Compl. ¶¶ 2, 7, 13, 63, 84, 92, 118, 150, 169–71, 186, 198, 217, 220, 244, 251, 253, 261, 263, 271, 275, 283. Indeed, these exhibits make no mention of the tracking tools Defendants embedded on the VSP website, nor do the exhibits suggest that those tools did not function as Plaintiffs allege. Ultimately, Defendants' attempt to cite these exhibits is "nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Khoja,* 899 F.3d at 1003.

If the Court decides to take judicial notice of any exhibits in this group, to "indicate what was in the public realm at the time" (*In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020)), it should not accept any factual content (or the purported lack thereof) in the exhibits as true. *See Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (explaining that court may judicially notice what is in public realm but not whether "the contents" are "in fact true"); *Pac. Overland, LLC v. Kauai Overlander*, No. 18-cv-02142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (taking judicial notice of defendant's website for purposes of website's existence but not its contents); *see also 2Die4Kourt v. Hillair Cap. Mgmt., LLC*, *SACV*, No.16-01304 JVS(DFMx), 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016).[2]

**2. The Defendant's request for judicial notice of Exhibits 28 through 30 should be denied as irrelevant.**

The Defendants request judicial notice of Exhibits 28 through 30, which are pleadings from previous litigation by Plaintiffs' counsel regarding similar privacy violations to those at play in this case, which Defendants derisively refer to as "copy-and-paste" fatally flawed cases. Defs.' Br. at 1. These Exhibits should not be the subject of judicial notice and should be excluded as irrelevant. Plaintiffs' counsels are proudly advocating for consumer rights and litigating to address

[2] Independently, Exhibits 1 through 19 should not be considered because it is entirely unclear what facts, if any, Defendants want the Court to recognize in these exhibits. Not only are the exhibits themselves indecipherable, but Defendants fail to make any proffer as to what specifically the Court should judicially recognize about the documents other than their existence.

privacy violations. The fact that they are doing so regularly is irrelevant to the issues before the court and the present motion, and as such, judicial notice should be denied. *See* Compl. ¶¶ 119–35; *see also Lindsay v. Shree Enter., LLC*, No. 2:21-cv-00299-WBS-CKD, 2021 WL 2711225, at *3 (E.D. Cal. July 1, 2021) (declining to take judicial notice of plaintiffs' litigation history because it was "not helpful in deciding any of the issues before the court").[3]

## IV. Conclusion

For the reasons stated above, this Court should deny Defendants' request for judicial notice.

Date: November 6, 2025

Respectfully submitted,

*/s/ Daniel C. Hedlund*
Daniel C. Hedlund*
Daniel J. Nordin*
Mary M. Nikolai*
Bailey Twyman-Metzger*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
mnikolai@gustafsongluek.com
btwymanmetzger@gustafsongluek.com

Dennis Stewart, CA Bar No. 99152
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com

Heather M. Lopez (SBN 354022)
Michael Acciavatti*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
148 Dolphin Court
American Canyon, CA 94589
Telephone: (707) 334-3727
Fax: (865) 522-0049

[3] Defendants also cite Exhibit 20 and 27 in their motion to dismiss but do not include those Exhibits in their Request. *See* Def's Br. at 6 & 22 n.16. Because Defendants did not seek judicial notice of these Exhibits, the Court should not consider them in deciding the motion to dismiss.

*hmlopez@milberg.com*

Daniel O. Herrera (*pro hac vice forthcoming*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
*dherrera@caffertyclobes.com*

Kenneth A. Wexler*
Justin N. Boley*
Zoran Tasić*
Gwyneth F. Lietz*
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
kaw@wbe-llp.com
jnb@wbe-llp.com
zt@wbe-llp.com
gfl@wbe-llp.com

Brett Cebulash (*pro hac vice forthcoming*)
Kevin Landau (*pro hac vice forthcoming*)
**TAUS, CEBULASH & LANDAU, LLP**
123 William St., Suite 1900A
New York, NY 10038
Telephone: (212) 931-0704
Facsimile: (212) 931-0703
bcebulash@tcllaw.com
klandau@tcllaw.com
jhall@tcllaw.com

*Counsel for Plaintiffs and the Putative Class*

* *(admitted pro hac vice)*