Rebekah S. Guyon (SBN 291037)
*Rebekah.Guyon@gtlaw.com*
Lori Chang (SBN 228142)
*ChangL@gtlaw.com*
David H. Marenberg (SBN 329954)
*MarenbergD@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for Defendants Vision Service Plan a/k/a VSP Global, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| BRIAN TASH on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES, LLC, VSP VENTURES MANAGEMENT SERVICES, LLC, and VSP VENTURES OPTOMETRIC SOLUTIONS, LLC,<br><br>Defendants. | Case No.: 2:25-CV-00762-DJC-JDP<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>*[Filed concurrently with Defendants' Reply in Support of Motion to Dismiss Complaint]*<br><br>Date: December 18, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 7<br><br>Assigned to: Judge Daniel J. Calabretta |

## I. INTRODUCTION

Plaintiffs would have the Court bury its head in the sand and not consider the actual webpages that Plaintiffs claim to have visited and the content they could have provided to VSP. Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC's (collectively, "Defendants" or "VSP") exhibits are properly considered as subject to judicial notice and the incorporation-by-reference doctrine. The Court may properly take judicial notice of Exhibits 1-19 because they are printouts of the "Find a Doctor" webpages and search tools located on websites alleged in the Consolidated Class Action Complaint (ECF No. 33 ("CAC")) as they existed at the times Plaintiffs allegedly visited the websites and searched for providers. Exhibits 1-19 are also properly considered under the incorporation-by-reference doctrine because their authenticity is not disputed, and Plaintiffs' claims rely upon the parameters and "filtering feature[s] available" on the "Find a Doctor" pages as they were when Plaintiffs allegedly visited the websites. The law does not allow these exhibits to be disregarded because they show that even assuming the truth of any well-pleaded allegations in the CAC, Plaintiffs have not alleged facts sufficient to establish injury-in-fact for Article III standing or to state any plausible claim.

The Court may also take judicial notice of Exhibits 28-30, pleadings filed by Plaintiffs' counsel in other cases, for the fact of their filing and contents. These Exhibits are relevant to VSP's Motion to Dismiss ("Motion") because they show that the majority of the allegations and screenshots in the CAC do not pertain to Plaintiffs' use of the websites whatsoever, but are only attorney-made allegations recycled from Plaintiffs' counsel's other cases filed against different healthcare providers. These cut-and-paste allegations demonstrate the lack of any plausible factual support for Plaintiffs' claims.

## II. ARGUMENT

### A. Plaintiffs Provide No Grounds To Deny Consideration Of Exhibits 1-19.

#### 1. Exhibits 1-19 Are Properly Considered Under the Incorporation-by-Reference Doctrine.

A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the [material] or the [material] forms the basis of the plaintiff's claim." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1122 (S.D. Cal. 2021) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Even documents that are not mentioned "at all" in a complaint are incorporated by reference if a claim "necessarily depend[s] on them." *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (holding that while a "single brief quotation" of a report did not constitute an "extensive" reference, the full report was incorporated into the complaint because its characterization in the complaint formed the basis of one of the causes of action).

Exhibits 1-19 are properly considered under the incorporation-by-reference doctrine because they contain full printouts of the "Find a Doctor" webpages and "filtering feature[s]" that at least Plaintiff Tash purportedly used, and Plaintiffs' allegations necessarily rely on the "Find a Doctor" pages of VSP's Websites as they existed in 2021 and 2024 (depicted in Exhibits 1-19). *See* CAC ¶¶ 148-50, 155-56, 177-78, 199, 206, 224, 244, 260, 267, 278, 285; *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 24-cv-06525, 2025 WL 1141168, at *3 (C.D. Cal. Feb. 27, 2025) (considering copies of both the current and former privacy policy cited in complaint as it appeared during the relevant time period, which "form[ed] the basis of [plaintiff's] claims in that whether the policy discloses Defendant's use of any tracking tools is critical for establishing [] liability."). Plaintiffs contend that Exhibits 1-19 are not incorporated by reference because they are "mere[ly] mention[ed]" in the CAC. Opposition to Request for Judicial Notice, ECF No. 40 ("Opp. to RJN") 3. Not so. Plaintiffs' allegations necessarily rely on the "Find a Doctor" pages of VSP's Websites as they existed in 2021 and 2024 (depicted in Exhibits 1-19); their use of these pages forms the basis for all of their claims. *See* CAC ¶¶ 54(b), 77-78, 81-83, 90, 148-49. Exhibits 1-19 are offered to provide the Court with a full and accurate picture of what Plaintiffs would have seen and interacted with when visiting those pages in 2021 and 2024. *See* CAC at 2, ¶¶ 148-50, 155-56.

Plaintiffs extensively rely on screenshots of a Find a Doctor webpage on www.vsp.com, but these screenshots in the CAC depict only *some of* the selectable options in drop-down menus on those same webpages, while omitting others. CAC ¶¶ 78, 82-83. Plaintiffs misleadingly offer these screenshots to suggest to the Court that Plaintiffs necessarily provided similar search parameters (and therefore VSP allegedly disclosed similar URL strings to third parties) when Plaintiffs allegedly "identif[ied] an in-network healthcare provider." CAC ¶¶ 148, 155; *see Loomis v. Slendertone Distrib., Inc.* 420 F. Supp. 3d 1046, 1063-64, 1082 n.8 (S.D. Cal. 2019) (considering "full website printouts" provided by defendants, which included phrases that plaintiff alleged she detrimentally relied upon, because plaintiff had provided

only "narrow screenshots" of defendants' website "to support her Complaint").[1] For example, Tash alleges he "recalls using every filtering feature available to obtain the narrowest selection," on a Find a Doctor page of an unidentified Website in 2021, then claims that his use of those filters necessarily "communicated his Private Information." CAC ¶¶ 148-50. Exhibits 1-19 show *all* of the "filtering features" that were "available" to Plaintiffs, as they claim to have used. *See* CAC ¶¶ 148-49, 156. Contrary to Plaintiffs' arguments, it is proper for the Court to consider the complete webpages when ruling on VSP's Motion because Exhibits 1-19 show that many different "filtering feature[s]," including many that require the provision of no personally identifiable, let alone sensitive information, were "available" to users in 2021 and 2024. *Loomis*, 420 F. Supp. 3d at 1063-64 (reiterating "policy concern underlying" the doctrine: "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

Plaintiffs next argue that the Court should not "accept any factual content" from Exhibits 1-19 as true. Opp. to RJN 4. That is contrary to law. "Incorporation-by-reference allows a court to 'treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)'" so long as those assumptions are not offered "to dispute facts stated in a well-pleaded complaint." *Loomis*, 420 F. Supp. 3d at 1063 (S.D. Cal. 2019) (citing *Ritchie*, 342 F.3d at 908 (9th Cir. 2003). VSP does not seek to dispute any well-pled factual allegations in the CAC, such as Plaintiffs' allegations that they visited a Website in 2021 or 2024 or that they recall entering search parameters. CAC ¶¶ 148-49, 155-56. Exhibits 1-19 assume the truth of these allegations and merely depict what search parameters were available. However, Plaintiffs' remaining allegations about their visits to websites and what those visits necessarily communicated are conclusory; those allegations are not well-pled, not assumed true, and disregarded when contradicted by documents incorporated by reference. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Likewise, Exhibits 1-19 are offered to show that even *taking as true* the allegations that Plaintiffs (a) paid for VSP's insurance services;

---

[1] For example, on one Website, a visitor would have only been able to enter a zip code. *See* ECF No. 35-1 ("Marenberg Decl."), Ex. 2 (showing layout of "Find a Doctor" page on www.vspdirect.com in 2021). Thus, assuming Tash used "every filtering feature available" on www.vspdirect.com in 2021, he would not have communicated any private, sensitive, personally identifying, or protected health information. Mot. 5 n.3; *Carolus v. Nexstar Media Inc.*, No. 24-cv-07790-VC, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (disclosure of IP address, general location of device by zip code, "'browser and device data' and 'other identifying information'" did not create concrete injury necessary to show standing).

(b) were patients of some provider; and (c) used a "Find a Doctor" page to search for an in-network provider (CAC ¶¶ 145-48, 152-55), these facts do not suggest that VSP revealed their patient or insured status, since the same webpage is freely available to uninsured non-patients. *See, e.g.*, Marenberg Declaration, ECF No. 35-1 ("Marenberg Decl.") ¶¶ 9, 13-14, Exs. 8-15. The Court may therefore disregard any conclusory allegations or unreasonable inferences that Plaintiffs necessarily communicated their patient or insured status (CAC ¶¶ 1, 64, 92, 95, 101, 151) through their use of a Website. *See* Mot. 16, 18, 20; *Beltran v. Doctors Med. Ctr. of Modesto*, No. 2:23-cv-01670-DC-CKD, 2025 WL 1635467, at *9 (E.D. Cal. June 9, 2025) ("Plaintiffs' use of the Website alone does not support the inference that Plaintiffs were Defendants' patients because the Website is not exclusively available to Defendants' patients.").

Plaintiffs cite several cases in their argument against incorporation of Exhibits 1-19 by reference, but these cases either support Defendants, or are clearly distinguishable. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference an agreement not explicitly referred to in the complaint but whose authenticity was not disputed because it formed the basis of the claims); *Ritchie*, 342 F.3d at 908-09 (9th Cir. 2003) (refusing to incorporate by reference a declaration which was drafted *after* a complaint and in response to the motion). In *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022), cited at Opp. to RJN 2, the court declined to consider factual statements in exhibits attached to the defendant's motion to dismiss as true because the statements were offered to create a factual dispute over the nature of a relationship between the plaintiff wholesaler and defendant distributor, and the plaintiff had attached the governing agreement to its complaint, which contained factual statements assumed true for purposes of the motion. 39 F.4th at 1163. Here, VSP assumes the accuracy and authenticity (in connection with the Motion only) of the (incomplete) screenshots referenced and relied upon in the CAC. Nothing in Exhibits 1-19 is offered to contradict any factual statements within the CAC's screenshots. VSP also does not seek to dispute any well-pled allegations in the CAC. Exhibits 1-19 are not even offered for the truth of any factual statements contained therein,[2] but to show what was in the public realm at the time. Thus, consideration of the Exhibits provided by VSP that show the pages referenced and relied upon in the CAC is proper.

---

[2] For example, VSP does not ask the Court to consider as true that "VSP has the largest network of independent doctors," a factual statement depicted on the website shown in Marenberg Decl., Ex. 1 at 1, only that the website provided a field for entry of a zip code under the "Find a Doctor" and "Advanced Search" headers in 2021.

Plaintiffs also do not dispute the authenticity or the accuracy of Exhibits 1-19, which supports their consideration by the Court. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff did not dispute their authenticity); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (materials and CD-ROM attached to a motion to dismiss should have been incorporated by reference because the material provided context for photographs and caption that plaintiffs provided in isolation to support their defamation claim, plaintiffs did not dispute that anyone viewing the photographs and caption would have seen the surrounding context, and plaintiffs did not dispute the authenticity of the contextual material).

Finally, whether Exhibits 1-19 depicts the Tracking Tools is simply not relevant to VSP's request for their consideration. Opp. to RJN 4. VSP is not offering Exhibits 1-19 to show the existence of the Tracking Tools (or lack thereof). In fact, Plaintiffs *agree* that "these exhibits make no mention of the tracking tools . . . nor do the exhibits suggest that those tools did not function as Plaintiffs allege." *Id.*

**2. Exhibits 1-19 Are Properly Subject to Judicial Notice.**

Exhibits 1-19 are also properly subject to judicial notice under Federal Rule of Evidence 201. RJN 2 (collecting authorities). Plaintiffs' objections and citations to *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813, (N.D. Cal. 2020), *Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015), *Pac. Overland, LLC v. Kauai Overlander*, No. 18-cv-02142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018), *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. SACV 16-01304 JVS(DFMx), 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016), and *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1320–21 (C.D. Cal. 2023) demonstrate that they fail to understand the purpose for which VSP seeks judicial notice. VSP is not requesting the Court accept the factual content of the exhibits as true. Instead, consistent with Plaintiffs' position and cited authorities, VSP requests judicial notice solely to establish what users would have been able to see and select in 2021 and 2024—that is, "what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of publications "solely as an indication of what information was in the public realm at the time," not for the truth of their contents). Plaintiffs' objection is

therefore not a genuine dispute, as the parties agree on the purpose for which notice is sought and Plaintiffs do not object on the basis of accuracy or authenticity of the screenshots. This alignment should thus not prevent the Court from taking judicial notice of Exhibits 1-19. *See Kinnee v. TEI Biosciences Inc.*, No. 22-CV-604 JLLS (DDL), 2023 WL 8191097, at *3 (S.D. Cal. Nov. 27, 2023) (granting defendants' request for judicial notice "[a]s Plaintiff does not contest the accuracy or authenticity of the reports contained within Exhibits B or C"); *Beckner v. ReconTrust Co., N.A.*, No. CV 12–3379 GHK (FFMx), 2012 WL 13013048, at *1 (C.D. Cal. Oct. 15, 2012) (taking judicial notice of exhibits attached to motion to dismiss in part because the plaintiff did "not otherwise dispute their authenticity").[3, 4]

**B. Exhibits 28-30 Are Also Properly Judicially Noticed.**

Exhibits 28-30, pleadings filed by Plaintiffs' counsel in other federal actions, should be judicially noticed not for the truth of the matters asserted therein, but to show that Plaintiffs' counsel is recycling the same conclusory allegations in complaints against other defendants based on different plaintiffs' activities on different websites. *Compare, e.g.,* ECF No. 35-2, Ex. 28 (Compl., *Maravilla v. Cal. Physicians' Serv.*, No. 4:25-cv-03213-YGR, ECF No. 1 ¶¶ 130-31 (N.D. Cal. Apr. 10, 2025) (alleging that a different plaintiff, Ana Maravilla, "communicated her Private Information to [different defendant insurance provider Blue Shield of California] when she used the [different website blueshieldca.com], and she specifically recalls using the 'Find a Doctor' form and webpage to identify an in-network healthcare provider" and "she recalls using the filtering feature available to obtain the narrowest selection, which communicated the following: (1) the type of physician or medical provider she was seeking; (2) the specific medical services she was seeking; (3) the vision products sought during her visit; (4) her location; and (5) additional details about

[3] Plaintiffs' claim that it is "entirely unclear what facts, if any, Defendants want the court to recognize" is incorrect. Defendants are asking the Court to consider the fields available to users through the Find a Doctor tool on three different websites at the times that Plaintiffs claimed to have used that tool. *See* CAC ¶¶ 148-149 (alleging that in 2021 Plaintiff Tash used every filter for "(1) the type of physician or medical provider he was seeking; (2) the specific medical services he was seeking; (3) the vision products sought during his visit; (4) his location; and (5) additional [unidentified and undefined] details about his desired physician and their practice area."); ¶ 155 (alleging that Plaintiff Hahn "communicated his Private Information to VSP when he used his phone and computer to access the Web Properties in July 2024 to search for an in-network healthcare provider in his geographic area."); Mot. 5-6; ECF No. 35 ("RJN") 3-4. Indeed, Plaintiffs appear to understand what the exhibits show, arguing only (incorrectly) that they create a factual dispute. Opp. to RJN 3.

[4] Plaintiffs cite *Metro Creditors' Tr. v. PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) for the proposition that that the Ninth Circuit has urged district courts to take judicial notice only when the "matter is beyond controversy," which is precisely *why* Exhibits 1-19 should be admitted—the parties do not dispute the fields, boxes, and filters that Plaintiffs would have encountered on the Find a Doctor webpages and that were "within the public realm" in 2021 and 2024. *Von Saher*, 592 F.3d at 960.

her desired physician and their practice area") *with* CAC ¶¶ 148-49 (alleging that Tash "communicated his Private information to VSP when he used the Web Properties, and he specifically recalls using the 'Find a Doctor' form and webpage to identify an in-network healthcare provider" and "[m]ore specifically, he recalls using every filtering feature available to obtain the narrowest selection, which communicated the following: (1) the type of physician or medical provider he was seeking; (2) the specific medical services he was seeking; (3) the vision products sought during his visit; (4) his location; and (5) additional details about his desired physician and their practice area").[5, 6]

**C. Requesting Consideration or Judicial Notice of Exhibits 20 and 27 Was Unnecessary But Is Nevertheless Proper.**

Finally, Defendants cited but did not request judicial notice of Exhibits 20 and 27 because it was unnecessary. Exhibit 20 is the dismissal of the first suit filed by Hahn's counsel on behalf of Plaintiffs in California state court, *Tendick v. VSP Global LLC*, No. C24-01923, ECF No. 1 (Cal. Super. Ct. July 22, 2024). Defendants offered this Exhibit to demonstrate that this is Plaintiffs' counsel's third attempt to state a claim against VSP. Courts routinely consider filings on the dockets in other cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Kottle v. L. Offs. of Patenaude & Felix A.P.C*, No. 13-CV-161-H-BGS, 2013 WL 12075974, at *1 (S.D. Cal. May 16, 2013) ("Courts routinely take judicial notice of documents filed on public court dockets under [Federal] Rule [of Evidence] 201(b)."). Defendants offered the dismissal as an exhibit only for the court's ease of reference as it outlined the procedural history of the case.

Defendants also did not request judicial notice of Exhibit 27 because the alleged regulatory guidance is not outside of the CAC. The guidance was cited, referenced, and hyperlinked throughout the CAC, and Plaintiffs repeatedly relied on the guidance to support their own claims, including for violation

---

[5] Unlike the "Find a Doctor" pages available to Plaintiffs on a VSP website, the "Find a Doctor" page on blueshieldca.com at issue in *Maravilla* appears to *require* a user to select their specific insurance plan, subplan, and coverage start date, and either a doctor's name, a specialty, or a medical condition before returning results. Thus, Plaintiffs' counsel's reuse of the same form allegation to support different plaintiffs' claims based on the activities on vastly different "Find a Doctor" webpages demonstrates that Plaintiffs' allegations have no factual support here.

[6] *Lindsay v. Shree Enter., LLC*, No. 2:21-cv-00299-WBS-CKD, 2021 WL 2711225, at *3 (E.D. Cal. July 1, 2021) is inapposite. There, the plaintiff "already informed the court that she [was] an 'ADA tester,'" in the complaint, and the court found the plaintiff's own litigation history irrelevant to resolution of the motion. *Id.* Here, Exhibits 28-30 are not offered to paint Tash or Hahn as serial litigants but rather to point out that Plaintiffs' allegations remarkably resemble allegations brought by Plaintiffs' counsel in other complaints involving unrelated plaintiffs and unrelated websites based on unrelated facts, underscoring their conclusory nature.

of the ECPA; the full guidance is therefore incorporated by reference into the CAC. *See* Mot. 16 n.11, CAC ¶¶ 10, 59, 60, 119-22, 134 n.49, 135-36, 254. Defendants provided the guidance in full for the court's convenience. *Steckman*, 143 F.3d at 1296-97 (considering SEC guidance regarding regulatory language in affirming dismissal of claims of regulatory violation); *OSO Grp., Ltd. v. Bullock & Assoc., Inc.*, No. 09–1906 SC, 2009 WL 2422285, at *2 n.3 (N.D. Cal. Aug. 6, 2009) (holding that the court could consider a law review article submitted as support for a party's legal theory without taking judicial notice of the article). Nevertheless, if required, courts may take judicial notice of Exhibit 27 because it is a printout of a document published on the United States Department of Health & Human Services' official website. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities . . . and neither party disputes the authenticity of the web sites or the accuracy of the information displayed."); *Hines v. Wells Fargo Home Mortg., Inc.*, No. 2:14–CV–01386 JAM KJN, 2014 WL 5325470, at *3 (E.D. Cal. Oct. 17, 2014) ("A court may properly notice information obtained from government websites.").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Exhibits 1-19 are properly considered under the incorporation-by-reference doctrine and judicially noticed. Exhibits 28-30 likewise are properly judicially noticed. Requesting judicial notice of Exhibits 20 and 27 was unnecessary, although these documents are clearly subject to judicial notice.

Dated: December 3, 2025

GREENBERG TRAURIG, LLP

By: /s/ *Rebekah S. Guyon*
Rebekah S. Guyon
Lori Chang
David H. Marenberg
Attorneys for Defendants Vision Service Plan a/k/a VSP Global, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC