Rebekah S. Guyon (SBN 291037)
*Rebekah.Guyon@gtlaw.com*
Lori Chang (SBN 228142)
*ChangL@gtlaw.com*
David H. Marenberg (SBN 329954)
*MarenbergD@gtlaw.com*
GREENBERG TRAURIG, LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys for Defendants Vision Service Plan a/k/a VSP Global, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| BRIAN TASH and PETER HAHN, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES, LLC, VSP VENTURES MANAGEMENT SERVICES, LLC, and VSP VENTURES OPTOMETRIC SOLUTIONS, LLC,<br><br>Defendants. | CASE NO.: 2:25-CV-00762-DJC-JDP<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Assigned to: Hon. Daniel J. Calabretta |

Defendants Vision Service Plan, VSP Ventures, LLC, VSP Ventures Management Services, LLC, and VSP Ventures Optometric Solutions, LLC (collectively, "VSP") hereby submit this Notice of Supplemental Authority to alert the court to the recent decision in *Dawidzik v. Tesla, Inc.*, No. EDCV 25-01982-KK-SPx, 2025 WL 3786963 (C.D. Cal. Dec. 29, 2025) ("*Dawidzik*") granting defendant's motion to dismiss claims for intrusion upon seclusion and violations of the California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.* ("CIPA") for lack of Article III standing. In *Dawidzik*, the plaintiff alleged, like Plaintiffs allege here, that tracking technology on the defendant's website captured and transmitted his private information to third-party servers, including servers operated by Google, "'for targeted marketing and advertising that enable[d] Defendant to monetize its [w]ebsite.'" 2025 WL 3786963, at *1.

The *Dawidzik* opinion, attached hereto as **Exhibit A**, is relevant to several arguments raised in VSP's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("MTD") as well as its Reply in Support of the MTD ("Reply"). In particular, *Dawidzik* is relevant to VSP's argument that Plaintiffs fail to allege or show an economic or privacy-based Article III injury-in-fact. *Compare Dawidzik*, 2025 WL 3786963 at *3-5 & nn.3-4 *with* MTD at 8 (discussing conclusory assertions of injury), 9 (discussing anonymous data), 9-11 (discussing lack of close relationship to traditional privacy torts), 11-12 (discussing lack of economic injury); Reply at 2-4 (discussing conclusory allegations of injury and improper reliance on legislative intent and statutory language of CIPA), 2 n.3 (discussing anonymous data), 5 (discussing lack of economic injury based on purported unjust enrichment). The *Dawidzik* opinion also distinguishes cases that ruled on standing and were "either decided before *Popa* [*v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025)] or did not apply *Popa*'s element-by-element approach," like the standing cases that Plaintiffs cite in opposition to VSP's MTD here. 2025 WL 3786963, at *5. *Dawidzik* was decided after VSP filed its reply on December 3, 2025. VSP therefore submits the *Dawidzik* decision as supplemental authority in support of its Motion to Dismiss.

Dated: January 13, 2026

GREENBERG TRAURIG, LLP

By: */s/ Rebekah S. Guyon*
Rebekah S. Guyon
Lori Chang
David H. Marenberg
Attorneys for Defendants Vision Service Plan a/k/a VSP Global, VSP Ventures, LLC, VSP Ventures

Management Services, LLC, and VSP Ventures Optometric Solutions, LLC